134   603
e100a¹277

The Lake Shore and Michigan Southern Railway Company

*v.*

Esther E. Taylor.

*Filed at Ottawa October 31, 1890.*

1. Injunction — *after the act is done — writ improvidently granted.* Where the act sought to be enjoined is done before the complainant's bill is filed, and he knows it is already done, a preliminary injunction issued to prevent the act will be improvidently granted, and will be properly dismissed on the hearing.

2. Same — *from what time operative.* An injunction becomes operative, not merely from the time the writ is issued, but from the moment it is ordered by the judge.

3. Writ of restitution — *after dissolution of injunction.* After a person who claimed a strip of ground had inclosed the same by a fence, an adverse claimant procured an injunction restraining him from taking possession of the land or erecting the fence thereon, and while the defendant was restrained by the writ the complainant tore down such fence, and included the strip with his adjoining enclosure. It was held proper for the court, in dissolving the injunction, to restore the defendant to possession by a writ of restitution. The court should place the parties *in statu quo.*

Appeal from the Appellate Court for the First District ;— heard in that court on appeal from the Circuit Court of Cook county ; the Hon. Lorin C. Collins, Judge, presiding.

Mr. Pliny B. Smith, for the appellant:

The purpose of a writ of injunction is to maintain the *status quo* until the court can hear the case, and make such order as a deliberate consideration of the case may require ; and where a person procures a writ of injunction, and thereby ties the hands of the opposing party, and then himself changes the *status,* the court will require the party so abusing its process to restore matters to their original condition. In this case, it was the duty of the court to dismiss the bill and restore this property to the defendant. *Wangelin* v. *Goe,* 50 Ill. 459 ; *Herrington* v. *Herrington,* 11 Bradw. 121 ; *Hawks* v. *Champion,*

Cary, 51; *Dowche* v. *Beriot,* id. 63; *Hill* v. *Portman,* id. 140; *Van Zandt* v. *Mining Co.* 2 McCreary, 642.

Messrs. Booth & Booth, for the appellee.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

Appellant and appellee claimed title, adversely to each other, to a strip of ground some twenty-five feet in width. On the 16th of June, 1886, appellant caused a fence to be built so as to place this strip within appellant's enclosure. On the next day, and after the fence was built, appellee caused a bill in chancery, alleging her ownership and present possession of this strip of ground, threats of appellant to invade her possession, and praying that an injunction issue enjoining appellant from invading her possession and from building a fence enclosing the strip within appellant's enclosure, to be prepared and presented to one of the judges of the circuit court of Cook county. The judge to whom the bill was presented, as early as two o'clock P. M. of that day, made and endorsed an order thereon that the writ of injunction issue, as prayed therein. The writ of injunction was issued about three o'clock P. M. of that day. At or about the same time that the writ of injunction was issued, appellee, by her servants, commenced tearing down the fence which had been built by appellant to enclose the strip in dispute on the day before, and thereafter, on the same day, completed the tearing down of the fence. In October, 1886, appellee caused a fence to be built so as to enclose the strip in dispute, with other real estate claimed by her about which there is no controversy here in regard to her title. Appellant answered appellee's bill, putting in issue the material allegations thereof, and also filed a cross-bill, praying affirmative relief.

On hearing, the circuit court decreed that the original and cross-bills be dismissed, that the injunction be dissolved, and

that a writ of restitution restoring the possession of the strip in dispute to appellant issue. From that decree the present appellee appealed to the Appellate Court for the First District, and that court affirmed so much of the decree of the circuit court as dismissed the original and cross-bills and dissolved the injunction, but ordered that said bills be dismissed without prejudice, and reversed so much of it as awarded a writ of restitution. The arguments on this appeal relate only to this last branch of the judgment of the Appellate Court.

Since the wrong which appellee sought to have avoided by the injunction had been done before her bill was filed, and she knew it, the preliminary injunction was improvidently granted, and it was therefore properly dissolved on the hearing. (*Wangelin* v. *Goe,* 50 Ill. 459; *People* v. *Siwanson,* 10 Mich. 335.) The injunction became operative, not merely from the moment the writ was issued, but from the moment it was ordered by the circuit judge. (High on Injunctions, sec. 382.) After that order was made, appellee could have prevented appellant from doing any act forbidden by it, by simply giving appellant actual notice of the existence of the order. (High on Injunctions, *ubi supra;* 3 Daniell's Ch. Pr. 1783; *Endicott* v. *Mathews,* 1 Stock. 110.) Necessarily, therefore, as well when appellee caused the fence to be torn down as when she afterwards caused her fence to be built, she was protected against any interference by appellant, by the order of the judge granting the injunction. Appellant's hands were, as to her, during all that time, tied, so that appellant could, by no possibility, do any legal act in assertion of its claim of ownership or right of possession.

The only function of an injunction is to stay threatened action, and suspend the conflicting claims of right of the respective parties where they then are, until they can be properly adjudicated. (2 Daniell's Ch. Pr. 5th ed. 1639, and note.) And so it must necessarily follow, that to allow one party to obtain any advantage by acting when the hands of the adverse

party are thus tied by the writ or the order for it, is an abuse of legal process, which can not be tolerated. It is immaterial here in whom is the legal title, or whether when appellant built its fence it was a trespasser or lawfully in possession,— those questions can not be determined here. It is sufficient, for the present, that appellee, after having tied the hands of appellant as to the assertion of its claim of right, and while they were so tied, has changed the *status quo* of the parties in this respect. She must restore things to the same plight and condition, as nearly as possible, in which they were when the judge made the order upon her bill that an injunction issue. 1 Spence's Eq. Jur. 672, *673; *Vanzandt* v. *Argentine Manf. Co.* 2 McCreary, 642; *Hawks* v. *Champion,* Cary, 51; *Dowche* v. *Beriot,* id. 63; *Hill* v. *Portman,* id. 140; *Wangelin* v. *Goe, supra.*

So much of the judgment of the Appellate Court as reverses or modifies the decree of the circuit court is therefore reversed, but in all other respects it is affirmed.

*Judgment reversed in part and in part affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.