CHICAGO—FIRST DISTRICT—JANUARY, 1918.    331

Thomson & Taylor S. Co. v. Lanski & Son S. I. Co., 209 Ill. App. 331.

## Thomson & Taylor Spice Company, Appellee, v. I. Lanski & Son Scrap Iron Company et al., on appeal of I. Lanski & Son Scrap Iron Company, Appellant.

### Gen. No. 23,966.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1917. Reversed and injunction dissolved. Opinion filed January 28, 1918.

### Statement of the Case.

Bill by Thomson & Taylor Spice Company, a corporation, complainant, against the I. Lanski & Son Scrap Iron Company, a corporation, and others, defendants, to enjoin the defendants from placing certain obstructions in a certain street adjoining plaintiff's place of business. From an order granting a temporary injunction on the filing of the bill, with notice to Lanski and Son, only, the corporation defendant appeals.

FRANK H. T. POTTER and WILLIAM C. RIGBY, for appellant.

VENT & WARFIELD, for appellee; THOMAS G. VENT, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. INJUNCTION, § 159*—*when temporary injunction against obstruction of street improvidently granted.* A temporary injunction, issued on filing of bill, restraining defendants from further obstructing a certain street "throughout its entire width of sixty-six feet," where the bill contained no allegation of an intent on the part

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of defendants to occupy more space than that occupied by them, and containing substantially all the mandatory relief sought by the bill by, in effect, requiring defendants to remove all obstructions, buildings and other things named from the entire width of the street, was improvidently granted.

2. INJUNCTION, § 158*—*what is purpose of preliminary injunction.* The purpose of a preliminary injunction is to preserve the status of the parties until the court can determine the merits of the controversy, and it cannot be used for the purpose of compelling one to undo what he has already done.