## Sereno W. Quinn, Appellee, v. The Fountain Inn and Louis Weiss, Appellants.

### Gen. No. 26,128.

1. INJUNCTION, § 48*—*when court of equity will interfere as to possession of property.* While, as a general rule, courts of equity will not interfere by preliminary injunction to change the possession of real property until the right to such change is determined at law, they will do so where it is clear from the allegations of the bill that defendants' possession is but an interruption of the prior possession of complainant to which the latter was entitled.

2. INJUNCTION, § 13*—*when remedy at law as to possession of property is inadequate.* On a bill to enjoin defendants from interfering with complainant's occupation and use of certain premises, which complainant claims the right to occupy under a lease from defendants and their oral agreement to execute another lease, alleging that if complainant is deprived of the use of such premises and the improvements installed therein pursuant to such agreement, he will be unable to operate at a profit the business which he conducts on the premises, and that defendants have threatened the destruction of such improvements, it is apparent that complainant did not have an adequate remedy at law.

3. INJUNCTION, § 48*—*when mandatory writ as to possession of property will be granted.* Where, on a bill to enjoin defendants from interfering with complainant in his occupation and use of certain premises which he alleges he has the right to occupy under a lease executed by defendants and their oral agreement to execute another lease, where it appears that complainant has established a going business on the premises and that defendants, under a claim that the oral agreement had not been entered into, ousted complainant from the part of the premises covered thereby, a temporary restraining order is properly granted though its effect is mandatory and it requires defendants to restore possession to complainant.

Interlocutory appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed May 5, 1920.

ADOLPH MARKS, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN L. MCINERNEY, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from an interlocutory restraining order obtained by the complainant Quinn, without notice, by which the defendants were enjoined from interfering with him in his occupation and use of certain premises, which he alleged he had a right to occupy under the terms of a lease executed by the defendants and their alleged agreement to execute another lease.

The bill alleged that complainant had a lease covering part of a building owned by defendants in which he conducted a restaurant and that they had orally agreed to execute a further written lease covering another portion of the building on condition that complainant would construct and maintain certain improvements and it was further alleged that, in reliance upon such agreement, the complainant did make said improvements to the value of $2,500.

The part of the building covered by the oral agreement to lease included certain space in the basement of the premises. The bill alleged that the improvements referred to involved the removal of an ice box and certain lavatories from the first floor space covered by complainant's original lease, to the basement, the erection of a partition on the first floor and the installation of certain gas and water connections in the basement, and that under the oral agreement to lease referred to, it was provided that complainant was to be given the use of a doorway through the partition referred to and a passageway leading to another door in the outside wall of the building leading to an alley and the right to use the latter doorway and the right to the use of a stairway from the first floor to the basement giving access to the gas and water connections, the ice box and lavatories. It was further alleged that it was provided by ordinance that those

maintaining lunch rooms or restaurants must provide lavatories for patrons as well as help and that it would be impossible to operate complainant's restaurant at a profit if he was deprived of the use of the premises covered by the oral agreement to lease and the improvements he had installed pursuant to that agreement and that in case he was so deprived, it would be impossible to estimate his damages in dollars and cents.

The bill further alleged that the defendants had barricaded the door leading through the partition which had been erected by complainant pursuant to the alleged agreement and that complainant was thus deprived of the use of said doorway and the passageway beyond, leading to the outer door, and that he was thus cut off from ingress to and egress from the alley and also deprived of the use of the stairway leading to the basement and the use of the various improvements he had installed there. It was further alleged that the defendant Weiss had stated to employees of complainant that he would see that any one who came through the barricaded door was shot and that the defendant corporation, by its officers and agents, had threatened to interfere with complainant in the occupation of that portion of the premises covered by the oral agreement to lease, claiming that no such agreement had been entered into.

When the bill was filed the complainant also filed an affidavit in which he alleged, among other things, that the president of the defendant corporation was without the jurisdiction of the court and "affiant fears that if notice is given to any other officer, they will carry out their threat previously given to destroy the property of the complainant in the premises above described."

In our opinion there were sufficient allegations of fact in the bill and affidavit to warrant the trial court in issuing a preliminary injunction without notice. It

is apparent from the bill that complainant did not have an adequate remedy at law. His damages could not be accurately ascertained if his fixtures were destroyed and his business thus disrupted.

While, as a general rule, courts of equity will not interfere by preliminary injunction, to change the possession of real property, until the right to such change is determined at law, they will do so where it is clear from the allegations in the bill that the defendants' possession is but an interruption of the prior possession of the complainant, to which the latter was entitled. Thus, where a lessor or lessee has forcibly taken possession of the leased premises in violation of the terms of the lease, he may be compelled by mandatory injunction (ex parte, if sufficient facts are alleged to warrant it) to surrender possession to the one entitled thereto. High on Injunctions, sec. 356; 2 Joyce on Injunctions, sec. 1249. By so doing, the status quo, as established by the terms of the lease, as described by the allegations of the bill (which we must take as true on such an appeal as this), is preserved until the controversy can be heard on its merits. Thus in Hodge v. Giese, 43 N. J. Eq. 342, where complainant had leased premises from a landlord by a lease giving him access to a heater through the basement of the building, which was an appurtenance to complainant's premises, giving heat to no other part of the building, and subsequently, the landlord gave a lease of the basement to the defendant, and the latter notified the complainant that he would not thereafter be permitted to pass through the basement to the heater, to which there was no other means of access, it was held that this was such an irreparable injury to a settled legal right in real estate as equity would protect by mandatory injunction, on an interlocutory application.

In Pokegama Sugar-Pine Lumber Co. v. Klamath River Lumber & Improvement Co., 86 Fed. 529, it was

alleged in the bill that the defendant had entered into a written agreement to lease a certain lumber plant to one Lindley and that subsequently such lease was executed and Lindley went into possession, and that he subsequently assigned the leasehold to complainant and the latter entered into possession and proceeded to operate the plant. It was further alleged that the defendant, through its agents, drove complainant's watchman away from the plant in the night and forcibly took possession of the plant and barricaded all approaches to it in such manner as to keep complainant out of possession and prevent its use of the premises and that defendant was in possession of the plant with an armed force of men.

Sufficient allegations were contained in the bill to show that the complainant would suffer irreparable damage unless the defendant were restrained from interfering with complainant in its occupation of the plant and its operation. A temporary restraining order was entered without notice, directing that a writ issue, restraining defendant from interfering with, impeding or hindering complainant in occupying, and operating the plant in question. The defendant made a motion to modify the temporary restraining order so that it "would not affect the *status quo* of any and all matters involved in this litigation up to the filing of the bill of complaint." It was contended that the injunction, although preventive in form, was mandatory in effect, its execution resulting in a change in the status of the parties. The court said that this contention assumed that the court would recognize the respondent as asserting, at the time the bill was filed, a claim of possession to the property under a color of right to such possession, and that the effect of the order was to oust it from that possession. "But," the court said, "equity will not permit a mere form to conceal the real position and substantial rights of the parties. Equity always attempts to get at the sub-

stance of things, and to ascertain, uphold, and enforce rights and duties which spring from the real relations of the parties. It will never suffer the mere appearance and external form to conceal the true purposes, objects and consequences of a transaction. * * * It is clear * * * that the asserted right of possession, which respondent seeks to maintain in these proceedings, cannot be recognized by the court as anything more than a mere trespass and an interruption of the prior possession of the complainant.'' The motion to modify the temporary injunction was denied.

Mandatory injunctions of the kind involved in the case at bar have frequently been recognized by the courts of this State. *Hunt v. Sain,* 181 Ill. 372; *Baumgartner v. Bradt,* 207 Ill. 345; *Dorman v. Droll,* 215 Ill. 262; *Burrall v. American Tel. & Tel. Co.,* 224 Ill. 266; *Spalding v. Macomb & W. I. Ry. Co.,* 225 Ill. 585; *Watson v. Smith,* 180 Ill. App. 289. In the latter case complainant was the assignee of a leasehold interest. The defendant had seized possession of the premises, claiming the right to declare a forfeiture. It was held that equity had the power to issue a mandatory injunction enjoining the defendant from interfering with the complainant's occupation of the premises. None of the cases last referred to involved a temporary injunction but the entering of such an order upon proper showing was sanctioned in *City of Rock Island v. Central Union Telephone Co.,* 132 Ill. App. 248, where the court said: ''It is not a correct statement of the law to say that a preliminary injunction will never be made mandatory. High on Injunctions, sec. 2, says that though mandatory injunctions are seldom allowed before the final hearing, they sometimes are granted on interlocutory applications. An interlocutory injunction does not anticipate or depend upon the ultimate conclusion to be reached upon the rights involved in the litigation. It only shows that a sufficient case has been made out to authorize or require the court to preserve

the property or rights in issue *in statu quo* until a final hearing upon the merits. Usually this is accomplished by keeping everything at rest and in its present condition. Sometimes, however, this will be fatal to the rights which the complainant alleges and seeks to establish. In discussing the propriety of a preliminary mandatory injunction, in *Toledo, A. A. & N. M. Ry. Co. v. Pennsylvania Co.* [54 Fed. 730], 19 L. R. A. 387, the court thus stated the true rule. 'The office of a preliminary injunction is to preserve the *status quo* until, upon final hearing, the court may grant full relief. Generally this can be accomplished by an injunction prohibitory in form, but it sometimes happens that the *status quo* is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury upon complainant, which he appeals to a court of equity to protect him from. In such a case courts of equity issue mandatory writs before the case is heard on its merits.' ''

That is precisely the situation in the case at bar. The complainant had an established going business in premises occupied under a lease from defendants and partly under an alleged agreement to lease. Under a claim that no such agreement had been entered into, as complainant claimed, the defendants ousted the complainant from that portion of the premises alleged to be covered by the oral agreement. That was the status when the bill was filed. To continue that condition pending a hearing on the merits was the very thing complainant alleged would inflict the irreparable injury from which he seeks relief. That being the situation it was proper for the court to enter the temporary restraining order appealed from though it was in effect mandatory and required defendants to restore complainant to full possession of the premises and thus restore the status as it was before the defendants committed the acts complained of and maintain that situa-

tion until the rights of the parties can be fully determined.

As already stated, we are of the opinion that the bill and affidavit of complainant contained sufficient allegations of fact to warrant the court in issuing the restraining order without notice.

Finding no error in the record, the order appealed from is affirmed.

*Affirmed.*

MR. JUSTICE TAYLOR and MR. JUSTICE O'CONNOR concur.