**Charles Dobrinsky, Appellee, v. John Boylan et al., Appellants.**

**Gen. No. 6,967.**

1. APPEAL AND ERROR—*perfection of appeal from interlocutory injunction.* Under section 123 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 122), governing appeals from interlocutory injunctions, it is not necessary to apply to the circuit court for an order for an appeal, nor can that court fix the penalty for the bond or the security, and a bond in proper form, approved by the clerk and filed within 30 days from the date of entering the order for injunction, perfected the appeal in the circuit court.

2. TIME—*effect of 60-day period after entering preliminary injunction expiring on Sunday.* Where 60 days from the date of entering a preliminary mandatory injunction expired on Sunday,

the record was properly filed on the following Monday, under section 1 of the act concerning the construction of statutes (Cahill's Ill. St. ch. 131, ¶ 1, subd. 11), providing that in computing such time, if the last day is Sunday, it shall be excluded.

3. INJUNCTION—*effect of use of word "perpetually" in preliminary injunction.* A preliminary mandatory injunction "perpetually" restraining defendants until an order to the contrary was but a temporary injunction to remain in force until the contrary was directed by the court.

4. INJUNCTION—*when preliminary mandatory injunction improvidently granted.* A preliminary mandatory injunction, issued without notice, commanding defendants to remove from an outlet across defendants' lands, which was alleged to have been used for over 50 years and had constituted a right of way, obstructions such as posts, a barb-wire fence and a gate, and requiring the restoration of the right of way to its former condition, was improvidently granted before issue joined and before the rights of the defendants could be tried.

5. INJUNCTION—*mandatory order only on final hearing.* A mandatory injunction commanding the doing of some positive act will not be ordered except upon final hearing.

Appeal from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1921. Reversed. Opinion filed November 2, 1921.

JOSEPH L. SHAW and BURTON A. TYLER, for appellants.

STURTZ & EWAN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On March 23, 1921, Charles Dobrinsky, without notice, obtained a preliminary mandatory injunction against John Boylan and others. The defendants appealed to this court from that order. Appellee moved to dismiss the appeal and we took that motion with the case. No brief has been filed by appellee.

Appellee moved to dismiss the appeal on the ground (1) that error had not been assigned upon the record, and (2) that the appeal had not been perfected in the court below and in this court as provided by statute. Afterwards, by leave of court, error was assigned

upon the record. Section 123 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 122) governs appeals from interlocutory orders, such as this. Under that section it is not necessary to apply to the circuit court for an order for an appeal nor can the circuit court fix the penalty of the bond or the security. A bond in proper form approved by the clerk perfects the appeal in the circuit court, if filed within 30 days after the entry of the order appealed from. This order was entered March 23, 1921, and the bond was approved by the clerk and filed in the court below on April 19, 1921, within the 30 days. Sixty days from the date of the order expired on May 22, and the record was filed in this court on May 23, but May 22 was Sunday, and the 11th clause of section 1 of the act concerning the construction of statutes (Cahill's Ill. St. ch. 131, ¶ 1, subd. 11) provides that in computing such time, if the last day is Sunday it shall be excluded. (26 R. C. L. 748.) Applying that rule, this record was filed on the 60th day and therefore was in time. The motion to dismiss the appeal is therefore denied.

It is contended that this is a final and permanent injunction instead of an interlocutory injunction. It "perpetually" restrains the defendants "until this honorable court, in chancery sitting, shall make other order to the contrary." The word "perpetually" was improperly inserted in the injunction writ. Nevertheless, when the whole writ is considered, it is but a temporary injunction, to remain in force until the contrary is directed by the court.

The bill of complaint shows that appellee owns a certain tract of farm land in Henry county; that appellant, Boylan, owns an 80-acre tract of land next east of it and has a tenant, Sheppard, in possession; that appellant, Reese, owns the 80 acres next east of that, and appellant, Konitzer, the farm next east of that; that because of swampy conditions in other directions, the only practicable outlet from appellee's land to a

public highway is over said three tracts of land, and that appellee and his predecessors in title have crossed said three farms for the last 50 to 70 years and have acquired a right of way across the same; that beginning in 1920, said respective appellants have in various ways obstructed the route so followed; that the course of said traveled way has been changed to avoid some of said obstructions, but that the same at the time of filing the bill had been so obstructed by posts set in the ground across said way, by a barb-wire fence at another place, and at another place by a gate fastened by a chain and padlock, that appellee was wholly excluded from the use of said way. The injunction issued without notice commanded the appellants to remove from said way the fence posts, gates and other obstructions, put in said roadway by them, and requiring them to restore said way to the same condition it was in just prior to the placing of said obstructions therein, etc.

In 3 Pomeroy's Equity Jurisprudence, sec. 1359, it is said that where the facts are clearly established and the injury is real and the plaintiff acted promptly, a preliminary mandatory injunction may be granted, though the act complained of was fully completed before the suit was commenced. A note to said section states that some American decisions hold that a mandatory interlocutory injunction will never be granted, but that this doctrine is opposed to the overwhelming weight of authority, and is contrary to the principle which regulates the administration of punitive relief and is manifestly absurd. To the like effect is 14 R. C. L. 317, 318, and 22 Cyc. 742. In the abstract of the decision of this court in *Paxton v. Fabry,* 200 Ill. App. 104, is language implying that such a preliminary mandatory injunction may be granted in a clear case. That abstract is not fully borne out by the language of the opinion, which reversed a preliminary mandatory injunction. But our attention was not then

called to certain decisions in this State. In *Wangelin v. Goe*, 50 Ill. 459, which related to a preliminary mandatory injunction, it was said that an injunction is a preventive remedy and cannot be framed to command a party to undo what he has done and that such an injunction should not be awarded after the act is done; that, if the injury is already done, the writ can have no operation, and that the preliminary mandatory injunction issued in that case was wrongfully sued out. In *Lake Shore & M. S. Ry. Co. v. Taylor*, 134 Ill. 603, a similar case, the court said: "Since the wrong which appellee sought to avoid by the injunction had been done before her bill was filed, and she knew it, the preliminary injunction was improvidently granted." In *Hunt v. Sain*, 181 Ill. 372, the court, on p. 378, said that while jurisdiction in equity by way of mandatory injunction is rarely exercised, it is nevertheless too firmly established to admit a doubt; but that "a mandatory injunction, commanding the plaintiff (meaning, we assume, the defendant) to do some positive act, will not be ordered except upon final hearing, and then only to execute the judgment or decree of the court." *World's Columbian Exposition Co. v. Brennan*, 51 Ill. App. 128; *Lowenthal v. New Music Hall Co.*, 100 Ill. App. 274; *Thomson & Taylor Spice Co. v. I. Lanski & Son Scrap Iron Co.*, 209 Ill. App. 331. In view of these authorities, it is not seen how we can sustain this injunction, which requires appellants at once and before issue joined, and before the rights of appellee can be tried, to undo that which had been done before the bill was filed.

The description of the location of the supposed roadway in the bill is not clear as it ought to be made before or at the trial of the cause. We make this suggestion in view of the possibility that a mandatory injunction may be provided for in the final decree.

The order is therefore reversed.

*Reversed.*