**Mary J. Utterback, Appellee, v. Inez Estill et al., Appellants.**

**Gen. No. 7,025.**

1. INJUNCTION—*action of chancellor in fixing amount of appeal bond as not affecting validity of appeal.* Where the amount of the bond on an appeal from an order granting a temporary injunction was fixed by the chancellor instead of the clerk as provided by statute (Cahill's Ill. St. ch.-110, ¶ 122), but was approved by the clerk, the action of the chancellor was unnecessary but did not affect the validity of the appeal.

2. INJUNCTION—*what constitutes waiver of failure to give notice.* A motion to dissolve a temporary injunction constitutes a waiver of the failure to give notice as required by the statute (Cahill's Ill. St. ch. 69, ¶ 3).

3. REFORMATION OF INSTRUMENTS—*jurisdiction of equity.* A court of equity has jurisdiction to correct mistakes in deeds, leases and other instruments in writing and so reform the same as to make them conform to what was intended by the parties.

4. EQUITY—*when court of equity may establish purely legal rights and grant damages.* Where a court of equity has jurisdiction of a cause for one purpose, it will retain jurisdiction for all purposes and may establish purely legal rights and grant damages which otherwise would be beyond its power.

5. REFORMATION OF INSTRUMENTS—*what allegations not necessary to authorize injunction against interference with possession.* Upon a bill in equity to reform a life lease by striking out a provision against subletting, it was unnecessary to allege irreparable injury, insolvency of the parties or that the bill was filed to avoid a multiplicity of suits, to authorize the court to enjoin defendants from interfering with complainant's possession.

6. INJUNCTION—*mandatory injunction not issued until final hearing.* A mandatory injunction will not be issued until final hearing.

7. REFORMATION OF INSTRUMENTS—*reversal of part of decree constituting mandatory injunction.* Upon a bill to reform a life lease by striking out a provision against subletting, where a temporary injunction issued which not only restrained defendants from interfering with complainant's possession but required defendants to do certain things, the decree will be reversed in so far as it contains provisions amounting to a mandatory injunction.

Appeal from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1921. Affirmed in part and reversed in part. Opinion filed February 23, 1922.

MIGHELL, GUNSUL & ALLEN, for appellants.

W. J. TYERS, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellee, Mary J. Utterback, filed her bill in the circuit court of Kane county against appellants, Inez

Estill, Daniel A. Estill and Chloe Jones to correct a certain lease, and a temporary injunction was issued. Appellants moved to dissolve the temporary injunction. The motion was denied and this appeal was prosecuted.

The bill alleged, in substance, that in 1888 the mother of the appellee was the owner of a two-story frame dwelling house in West Aurora, Kane county. On September 27, 1900, the mother of appellee executed a mortgage on the real estate to appellee to secure $879.52. On March 15, 1901, the mother of appellee died, leaving a will devising the real estate to appellee and her two sons in equal shares, subject to $535, balance due appellee. The two sons subsequently conveyed to appellee. On April 21, 1910, appellee assigned the note and mortgage of September 27, 1900, to W. H. Chapman, who filed a bill to foreclose the same. There was a sale, certificate of purchase and subsequently a deed to appellants, Chloe Jones and Inez Estill, who were daughters of appellee. On November 23, 1912, Chloe Jones and Inez Estill executed a life lease on the premises to appellee. It is alleged that through mistake and inadvertence the lease contained a provision forbidding the lessee from underletting the premises or assigning the lease without the written consent of the lessors, and that the presence of that provision in the lease was due to a failure of the attorney who drew it to cross the same out from the printed portion of the blank on which the lease was written, nothing having been said by any of the parties in that regard at the time the lease was being prepared; that for a number of years following the execution of the lease, appellee, in order to pay taxes and other expenses, rented the first floor and various upstairs rooms without interference from the appellants. She also occupied certain parts of the premises herself; that she is of advanced age and possesses no property except her

interest in this real estate and some furniture, and has no income except what she is able to realize from leasing this property.

The bill further alleges that on December 25, 1920, appellant, Inez Estill, and her husband, Daniel A. Estill, went to the house and stated that they desired to make appellee a visit for a week or two. They occupied two front rooms on the second floor and shortly thereafter assumed to exercise entire control over the premises, paying nothing for their heat or the occupancy of the rooms. They treated appellee cruelly and refused to allow her to make necessary repairs, and refused to depart upon her order. On April 4, 1921, Inez Estill and Chloe Jones served a notice of forfeiture upon appellee, claiming that she had sublet the premises without their consent, and that she had failed to comply with other provisions in the lease. Appellee claims this was the first she knew that the lease contained a provision that she should not rent any part of the premises without the assent of the lessors. About this time appellants caused to be served upon the tenants a notice of forfeiture, together with a notice that the appellants were owners of the property, and that rent should be paid to them. On May 25, 1913, appellants served a notice upon the tenants demanding that they surrender possession of the premises and vacate same immediately. The bill prayed that the covenant in the lease against subletting be declared null and void, and that the appellants be decreed to vacate the premises and deliver possession by a short day, and that they be restrained from remaining upon the premises or any part thereof without the appellee's permission.

A temporary injunction was issued, restraining the three appellants from remaining on the premises and from occupying the house located thereon, or any room or part thereof, or from entering upon the premises without the permission of the appellee, and from

interfering with the appellee in any manner in the conduct of the premises, or in interfering with the tenants of the premises, either present or prospective, and ordered appellants to vacate and deliver up said premises by August 1, 1921.

Appellee insists that the appeal is not properly before this court because the amount of the appeal bond was fixed by the chancellor and not by the clerk of the circuit court as provided in section 123, ch. 110, Hurd's Rev. St. 1919, page 2298 (Cahill's Ill. St. ch. 110, ¶ 122). That section of the statute relates to appeals from interlocutory orders and decrees, and provides, among other things, that an appeal bond shall be executed covering costs and shall be approved by the clerk. All of the provisions of that section were complied with. The amount of the bond was fixed by the chancellor but the bond was approved by the clerk. No act was omitted necessary to perfect the appeal. The action of the chancellor was unnecessary but did not affect the validity of the appeal.

Section 3, ch. 69, of the statute (Cahill's Ill. St. ch. 69, ¶ 3) provides that injunctions without notice may be issued, provided it shall appear from the bill or affidavit that the rights of the complainant will be unduly prejudiced if the injunction is not granted immediately and without notice. Appellants, in their original brief, claim that this section was not complied with and for that reason the injunction was void. Appellee calls attention to the cases of *Adams v. Oberndorf*, 121 Ill. App. 497, and *Williams v. Chicago Exhibition Co.*, 188 Ill. 19, where it was held that a motion to dissolve was a waiver of a failure to give notice as provided by statute. Appellants, in their reply brief, concede that defect was waived.

All of the remaining claims of appellants may be considered together. They are that the court was in error in granting the injunction because the bill showed upon its face a want of equity for the reason

that appellee has a complete remedy at law; that no facts were alleged showing that appellee was irreparably injured, or that appellants were insolvent, or that it was necessary to prevent a multiplicity of suits; that the court improperly issued a temporary mandatory injunction without notice or bond and before a final hearing.

The primary object of the bill was to correct an. alleged mistake in the life lease executed to appellee, by striking out the clause which prohibited appellee from subletting the premises or assigning the lease. Notice had been served upon appellee of a forfeiture of the lease because of her failure to comply with this provision. If an action at law had been brought against her for possession of the premises she would have had no defense because she had in fact sublet the premises in violation of the provisions of the lease. She had no remedy at law to prevent her being dispossessed. Her only remedy was in a court of equity to reform the lease and make its terms comply with the agreement of the parties. A court of equity has jurisdiction to correct mistakes in deeds, leases and other instruments in writing and so reform the same as to conform to what was intended by the parties. *Kyner v. Boll,* 182 Ill. 171; *Kelly v. Galbraith,* 186 Ill. 593; *Paine v. Doughty,* 251 Ill. 396. It is well established that when a court of equity has jurisdiction of a cause for one purpose it will retain such jurisdiction for all purposes, and in so doing it may establish purely legal rights and grant damages which would otherwise be beyond its power. *Stickney v. Goudy,* 132 Ill. 213; *Patterson v. Patterson,* 251 Ill. 153. A court of equity had jurisdiction to reform this lease, and it was not necessary in the bill for the appellee to allege either irreparable injury, insolvency of the parties or that the bill was filed to avoid a multiplicity of suits.

If the injunction as issued had merely restrained

the appellants from interfering with the possession of the appellee no complaint could be made against it, but the injunction went farther than this. It was in fact a mandatory injunction, ordering the appellants to do certain affirmative acts. It has been held by this court and by the Supreme Court that a mandatory injunction will not be issued until a final hearing. In the case of *Dobrinsky v. Boylan,* 222 Ill. App. 494, we held that this was the rule. See also *Wangelin v. Goe,* 50 Ill. 459; *Lake Shore & M. S. Ry. Co. v. Taylor,* 134 Ill. 603; *Hunt v. Sain,* 181 Ill. 372; *World's Columbian Exposition Co. v. Brennan,* 51 Ill. App. 128; *Lowenthal v. New Music Hall Co.,* 100 Ill. App. 274; *Paxton v. Fabry,* 200 Ill. App. 104; *Thomson & Taylor Spice Co. v. I. Lanski & Son Scrap Iron Co.,* 209 Ill. App. 331. The result of this mandatory injunction was to put these two daughters and the son-in-law out of the house without any trial on the question of their right to be there. The lease under which the appellee occupies the premises justified appellants in their action in declaring a forfeiture unless the lease was reformed by a final decree. Undoubtedly it it is true that if the appellee's bill, in every respect, states the facts and all the facts, then the case is a hardship for the appellee, but if her claim should fail, then this mandatory injunction does great harm to the appellants. So much of the injunction as orders the appellants not to remain on the premises, and not to occupy the house or any room or part thereof, and not to enter on the premises without the permission of the appellee, and to vacate the premises by August 1, 1921, being mandatory, will be reversed and the injunction will be affirmed in all other respect.

*Affirmed in part and reversed in part.*