**Michael Levy and Louis Benjamin, Appellees, v. Benjamin H. Rosen, Appellant.**

**Appeal of Benjamin H. Rosen from Interlocutory Order Directing Said Defendant to Execute Release of Mortgage.**

**Gen. No. 34,357.**

Heard in the second division of this court for the first district at the April term, 1930. 

Opinion filed July 2, 1930.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellant; BEN ROTHBAUM, of counsel.

ISIDORE BROWN and MAURICE L. ZARETSKY, for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a so-called interlocutory mandatory injunction order entered on a preliminary motion heard on the face of the bill and amendment thereto which charged *inter alia* that on April 3, 1930, complainants were two of three mortgagees under a mortgage on certain real estate located in the State of Florida, and pray that defendant Rosen, the third mortgagee, be compelled to join with them in executing release deeds to portions of the said mortgaged real estate. In the bill of complaint as amended, complainants prayed for the following relief: That defendant Rosen be ordered, etc., by an injunction order, to execute and deliver release deeds to E. A. Simpson and wife, releasing certain of the mortgaged real estate therein specifically described, and that said Rosen be directed, required and compelled by the decree of the court to perform the aforementioned contracts specifically, and for other relief.

On April 23, 1930, the motion of complainants for a temporary mandatory injunction came on for hearing upon the verified bill of complaint and amendment thereto, and all the parties being represented by counsel, the court, after hearing arguments of counsel, entered the following order, which provided: The court finds that complainants are entitled to the tem-

porary relief as prayed for in their verified bill of complaint and the amendment filed thereto. Therefore complainants' application for said preliminary injunction is granted on their giving bond with surety, etc. The injunction also provides that defendant Rosen be ordered and decreed, etc. to sign, execute and deliver a proper release deed, which release deeds should be in the words and figures set out in the order; that said release deeds be executed and delivered within five days from the entry of the order, in compliance and in accordance with a certain agreement entered into on the 30th day of March, 1929, between E. A. Simpson and wife as parties of the first part, and Michael Levy, Louis Benjamin and Benjamin H. Rosen as parties of the second part. It was further ordered that Benjamin Rosen appear before a proper officer and execute and acknowledge such release deed with complainants, and that said release deed, after being duly executed, be delivered to complainants for the purpose of permitting complainants to specifically perform the agreement with Simpson. The record further shows that the bond ordered to be given to make the injunction effective was given and approved by the chancellor on the date of the entry of the order.

The cause is now before the court on the plea of release of errors interposed by complainants and filed herein on May 6, 1930, to which defendant Rosen on May 10, 1930, interposed a general demurrer. Upon the face of the plea of release of errors it is conceded that defendant Rosen executed the release deed in compliance with the so-called mandatory interlocutory decree and in accord with its terms, and accepted his share of the moneys deposited. That plea and the demurrer thereto presents to this court for determination—1st. The integrity of the so-called interlocutory mandatory decree. 2nd. If the interlocutory decree was improvidently issued did defendant waive his rights by accepting the benefits.

What was done by the defendant Rosen was not voluntary, but under the force of the mandatory injunction, and what he did in obedience to that mandatory order did not operate as a release of errors. The principle is well stated in *Chaney v. Baker,* 302 Ill. 481, as follows:

"Any act relied upon as a release of errors must be voluntary in the sense that the party is not required by the decree to do the act, and the voluntary payment, performance or satisfaction of a judgment, order or decree which confers no benefit cannot operate as a release of errors."

The controlling difficulty in this case rests in the fact that on a motion for an interlocutory injunction the court entered the order appealed from, which is a final order reached without any hearing on the merits, and grants the complainants all the relief which they pray for in their bill as amended. The order before us for review is not interlocutory. It is the final adjudication of all the rights claimed by complainants in their bill as amended. In other words, on a preliminary hearing for an interlocutory injunction the order found in the record, and before us on the appeal of the defendant Rosen, was entered. It is a final and not an interlocutory order. An interlocutory order is usually granted to preserve the *status quo,* but the order in this appeal did not do that, but changed the *status quo.* The entry of such order was clearly erroneous. A case in point on this question is *Dobrinsky v. Boylan,* 222 Ill. App. 494, in which the court said:

"In the abstract of the decision of this Court in *Paxton v. Fabry,* 200 Ill. App. 104, is language implying that such a preliminary mandatory injunction may be granted in a clear case. That abstract is not fully borne out by the language of the opinion, which reversed a preliminary mandatory injunction. But our attention was not then called to certain decisions in

this State. In *Wangelin v. Goe,* 50 Ill. 459, which related to a preliminary mandatory injunction, it was said that an injunction is a preventive remedy and cannot be framed to command a party to undo what he has done and that such an injunction should not be awarded after the act is done; that, if the injury is already done, the writ can have no operation, and that the preliminary mandatory injunction issued in that case was wrongfully sued out. In *Lake Shore & M. S. Ry. Co. v. Taylor,* 134 Ill. 603, a similar case, the court said: 'Since the wrong which appellee sought to avoid by the injunction had been done before her bill was filed, and she knew it, the preliminary injunction was improvidently granted.' In *Hunt v. Sain,* 181 Ill. 372, the court, on p. 378, said that while jurisdiction in equity by way of mandatory injunction is rarely exercised, it is nevertheless too firmly established to admit a doubt; but that 'a mandatory injunction, commanding the plaintiff (meaning, we assume, the defendant) to do some positive act, will not be ordered except upon final hearing, and then only to execute the judgment or decree of the court.' ''

In *Utterback v. Estill,* 224 Ill. App. 151, it is said: ''If the injunction as issued had merely restrained the appellants from interfering with the possession of the appellee no complaint could be made against it, but the injunction went farther than this. It was in fact a mandatory injunction, ordering the appellants to do certain affirmative acts. It has been held by this court and by the Supreme Court that a mandatory injunction will not be issued until a final hearing. In the case of *Dobrinsky v. Boylan,* 222 Ill. App. 494, we held that this was the rule. (Citing cases.)''

And in *Quinn v. The Fountain Inn,* 218 Ill. App. 260, it was held:

''An interlocutory injunction does not anticipate or depend upon the ultimate conclusion to be reached upon the rights involved in the litigation. It only

shows that a sufficient case has been made out to authorize or require the court to preserve the property or rights in issue *in statu quo* until a final hearing upon the merits.''

In *McDougall Co. v. Woods,* 247 Ill. App. 170, this court announced the doctrine applicable here in the following words:

''The primary purpose of the statute is to permit a review of the exercise of the discretion lodged in the chancellor, with the purpose of determining whether the interlocutory order probably was necessary to maintain the *status quo* and preserve the equitable rights of the parties.''

And in *People v. Standidge,* 333 Ill. 361, the court said:

''An interlocutory injunction is merely provisional in its nature and does not conclude a right. It usually stands as a binding restraint until rescinded by the further action of the court. Its object is to preserve the subject in controversy, but it is not decisive of the cause upon the merits. The court merely recognizes the fact that, without expressing a final opinion, a sufficient showing has been made to warrant the preservation of the property or the rights in issue *in statu quo* until a hearing may be had upon the merits of the cause.''

The order before us for review is a finality conclusive of the rights of all the parties. It does not preserve the *status quo.* It grants all the relief prayed by complainants in their bill and amendment thereto.

For the errors above pointed out the demurrer of the defendant Rosen to the plea of release of errors by complainants is sustained, and the mandatory injunction order before us on this review is reversed.

*Reversed.*

HEBEL and WILSON, JJ., concur.