Fannie Theus and Lee Andrew Theus, Appellees,
v. Lawrence J. Young et al.
Appeal of Corine Gaines, Appellant.

Gen. No. 42,955.

Heard in
the third division of this court.
Opinion filed February 2, 1944.

HOWARD D. GETER, of Chicago, for appellant.

No appearance for appellees.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by one of the defendants, Corine Gaines, from an interlocutory injunction order, entered on the 8th day of October, 1943, without notice and without bond, restraining this defendant from evicting the plaintiffs, Fannie Theus and Lee Andrew Theus, from the premises known as 9603-7 Princeton avenue, Chicago, Illinois, by a certain order of eviction issued by the municipal court of Chicago in favor of Corine Gaines and against Lee Andrew Theus in case No. 43 M 51169.

From the record as it appears before this court, the defendant, Corine Gaines, seeks to reverse and set aside this order, which temporarily enjoined and re-

strained this defendant in words as follows: ''from evicting or attempting to evict or dispossess the plaintiffs, Lee Andrew Theus, and the person occupying said premises under Lee Andrew Theus and Fannie Theus and each and all of them be restrained and enjoined from molesting, interfering with or attempting to molest or interfere with the occupancy of the premises known as 9603–9607 Princeton avenue, Cook county, Illinois, by the said Fannie Theus and Lee Andrew Theus, and the persons occupying said premises under them, and that each and all of them be restrained and enjoined from forcing or attempting to enforce the orders and judgments entered in the municipal court of Chicago in the case entitled *Corine Gaines v. Lee Andrew Theus,* No. 43 M 51169 until further order of court, and for good causes shown, that said injunction issue without Bond,'' which order was entered on the 8th day of October, 1943.

At the time the aforesaid restraining order was entered, the plaintiff, Fannie Theus, and her attorney, Joseph E. Clayton, Jr., knew that Fannie Theus and the other occupants of the premises at 9603–7 Princeton avenue, had been evicted on October 7, 1943, by the bailiff of the municipal court of Chicago and this fact was made known to the Honorable Julius H. Miner, judge of the circuit court of Cook county, Illinois, and the court refused to restrain the defendants, Lawrence J. Young, Eva Mae Gibbs and Albert J. Horan, bailiff of the municipal court of Chicago, by striking their names from the restraining order which was presented to him by the attorney for the plaintiffs.

It further appears from this record before this court on appeal that the plaintiff, Fannie Theus, after obtaining the restraining order on October 8, 1943, against the defendant, Corine Gaines, went back to the premises at 9603–7 Princeton avenue, with a police officer from the fourteenth district of Chicago and forced the defendant, Corine Gaines, who was then in

possession of the premises, to leave and the said Fannie Theus then had her furniture moved back into the premises while the furniture belonging to Corine Gaines was·and still is on the premises.

Thereafter the defendant, Corine Gaines, on the 13th day of October, 1943, moved the court to dissolve the temporary injunction issued against her on October 8, 1943, and in support of her motion submitted the testimony of Fannie Theus, the plaintiff, who admitted that she had been evicted on the 7th day of October, 1943, and that she made application for the restraining order the next day, October 8, 1943. Corine Gaines testified in her own behalf that she took possession of the premises in question on the 7th day of October, 1943, after the bailiff had evicted the plaintiff; Albert Thompson testified that he moved Corine Gaines' furniture into the premises on October 7, 1943, and was present the following day when Fannie Theus, plaintiff, came back to the premises with the restraining order; Ray Byloski, deputy bailiff of municipal court testified that he ordered the eviction of the premises at 9603–7 Princeton avenue on the 7th day of October, 1943, and the original return made by Deputy Bailiff Sengstack showed the writ was executed on October 7, 1943.

The court, after hearing the testimony of witnesses and argument of counsel, entered an order on the 13th day of October, 1943, overruling the motion to dissolve the temporary injunction, and set the defendant's cost bond on appeal at $200.

Thereafter, the defendant, Corine Gaines, served and filed a notice of appeal and filed and had approved by the court her bond for costs on appeal.

The case not being at issue, no point is raised on the pleadings.

In considering the case it is well to have the facts in mind, which are that the plaintiff claims title to the property located at 9603–7 Princeton avenue, Chicago,

Illinois, adversely to the defendant Corine Gaines; that Corine Gaines brought an action of forcible entry and detainer in the municipal court of Chicago against Lee Andrew Theus, one of the plaintiffs; that on the 7th day of October, Fannie Theus, one of the plaintiffs, and all of the occupants of the premises at 9603–7 Princeton avenue were evicted, and that Corine Gaines, the defendant, went into possession of the premises.

On the next day, October 8, 1943, Fannie Theus, one of the plaintiffs, appeared before the Honorable JULIUS H. MINER, one of the judges of the circuit court of Cook county, and moved the court, without notice to Corine Gaines, defendant, for a temporary injunction, based upon a bill of complaint to set aside a deed, to restrain the defendants, Lawrence J. Young, Eva Mae Gibbs, Corine Gaines and Albert J. Horan, bailiff of the municipal court, from evicting, molesting or enforcing the judgments of eviction issued by the municipal court against Lee Andrew Theus. At the hearing of the motion the plaintiffs' attorney and the bailiff informed the court that Fannie Theus had been put out of possession on the 7th day of October, 1943, and the court refused to enter the order against Lawrence J. Young, Eva Mae Gibbs or Albert J. Horan, bailiff, but did enter the order against Corine Gaines, defendant, who was in possession of the premises.

Fannie Theus, upon advice of her attorney and with the assistance of a policeman, forced Corine Gaines to allow her to move her furniture back into the premises at 9603–7 Princeton avenue.

One of the propositions of law offered for the attention of this court is that a preliminary injunction will not be granted where the act sought to be enjoined has been done. It appears that the plaintiff Fannie Theus knew on the 8th day of October, 1943, when she made application for the preliminary injunction that she had been evicted from the premises in question on

October 7, 1943,—the day before. There is uncontra-dicted testimony of Corine Gaines, defendant, that she was present at 9603–7 Princeton avenue when the bail-iff of the municipal court removed the property of Fannie Theus, plaintiff, from the premises, and that she, Corine Gaines, moved into possession and was in possession of the premises on October 8, 1943. There is testimony of Albert Thompson who states that he moved furniture of the defendant, Corine Gaines, into the premises and that he remained on the premises until the next day when the plaintiff, Fannie Theus, came back with a court order.

There is also the suggestion that upon further ex-amination of the testimony given on October 13, 1943, in support of the motion to dissolve the preliminary injunction, Ray Byloski testified substantially: that he has been deputy bailiff of the municipal court of Chi-cago for 20 years in charge of evictions, that he re-ceived an eviction order and deposit to evict persons occupying the premises at 9603–7 Princeton avenue, on August 18, 1943, and then he received a stay order to October 1, 1943, and on October 7, 1943, he ordered the eviction and from the original return made by Deputy Sengstack the writ was executed on October 7, 1943.

One of the cases suggested in the brief that was be-fore this court is the case of *Lake Shore & M. S. Ry. Co. v. Taylor,* 134 Ill. 603, where the court held that where the act sought to be enjoined is done before the complainant's bill is filed, and he knows it is already done, a preliminary injunction issued to prevent the act is improvidently granted, and will be properly dis-missed on hearing.

A further point before the court is that where an injunction is improvidently issued, upon the dissolu-tion of the injunction the court should place the par-ties in *status quo.* Upon an examination of the testi-mony offered in support of the motion of the defendant

herein to dissolve the injunction, the evidence shows that Fannie Theus, plaintiff, upon advice of her attorney took possession of the premises in question from the defendant Corine Gaines and that upon motion duly made on the 13th day of October, 1943 for a writ of restitution the motion should have been granted and the respective parties placed in *status quo*. In support of this suggestion our attention is called to the case of *Wangelin v. Goe,* 50 Ill. 459, to the effect that it was proper for the court, in dissolving the injunction, to restore the defendant to possession by a writ of restitution. And then again in the case of *Lake Shore & M. S. Ry. Co. v. Taylor,* 134 Ill. 603, at page 606, the court said: "It is immaterial here in whom the legal title, or whether when appellant built its fence it was a trespasser or lawfully in possession —it is sufficient, for the present, that the appellee, after having tied the hands of appellant as to the assertion of its claim of right, and while they were so tied, has changed the *status quo* of the parties in this respect. She must restore things to the same plight, as nearly as possible, in which they were when the judge made the order upon her bill that an injunction issue."

Then again it is suggested that a preliminary injunction is to preserve the *status quo* of the parties and not to undo what has been done. It appears from the testimony that was offered in support of the motion to dissolve the restraining order, which was entered on the date of October 8, 1943, that it stands without contradiction that the plaintiff, Fannie Theus, had been evicted before the order was entered and that the said Fannie Theus used the process of the court to undo what had already been done. As appears in the case of *Thomson & Taylor Spice Co. v. Lanski & Sons Scrap Iron Co.,* 209 Ill. App. 331, and in *Lowenthal v. New Music Hall Co.,* 100 Ill. App. 274, it was

held: "The purpose of a preliminary injunction is to preserve the status of the parties until the court can determine the merits of the controversy, and it cannot be used for the purpose of compelling one to undo what has already been done."

Further it was suggested that an improper exercise of discretion is shown if it appears that some established rule of law or principle of equity has been violated in granting preliminary injunction. From the record it appears that on the 13th day of October, 1943, on the motion to dissolve the injunction by the attorney for the plaintiff, before any testimony was taken, the following statement was made to the court by plaintiff's attorney: "Mr. Clayton: I told the court that the bailiff put her out, and I told her to go back. They evicted her on the 7th, by Albert J. Horan's office, and when I was here before, I told the court, in the presence of Mr. Byloski, that they set the things out." In this connection the case is cited of *City of Chicago v. Peoples Gas Light & Coke Co.*, 170 Ill. App. 98, where it was held: "An improper exercise of discretion is shown if some established rule of law or principle of equity has been violated in granting the injunction."

It appears from the argument that was offered that defendant Corine Gaines contends that the circuit court of Cook county erred in issuing the aforesaid injunction on the 8th day of October, 1943, and in denying the motion to vacate the same on the 13th day of October, 1943, and the defendant prays that this court reverse said orders and dissolve the said injunction and order a writ of restitution to issue in favor of Corine Gaines and against Fannie Theus and other persons who are now occupying the premises at 9603–7 Princeton avenue, Chicago, Illinois.

It appears that the defendant, Corine Gaines is the only person that has called the attention of this court

to the facts and the law as it applies to these facts, the plaintiff not offering any suggestions that might aid the court.

However, this court, for the reasons heretofore set forth, upon the record before it and the law reverses said orders and dissolves said injunction with directions that a writ of restitution issue in favor of Corine Gaines and against Fannie Theus and other persons who are now occupying the premises at 9603-7 Princeton avenue, Chicago, Illinois.

*Reversed and remanded with directions.*

BURKE and KILEY, JJ., concur.