## Mary A. Railton v. The People, etc.

1. RECEIVER—*Appointment, Pendente Lite.*—Courts have power to appoint a receiver *pendente lite.* They are not required to wait until after claimants to the property in dispute have gone through the process of demurring, pleading or answering the bill of complaint.

Creditor's Bill.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 22, 1899.

Statement.—A creditor's bill was filed on January 7, 1898, by parties not here concerned, against one Ellinger, judgment debtor, which was afterward amended to make appellant a party defendant, and by which the property here involved was sought to be subjected to the satisfaction of the judgment against Ellinger. It was alleged that the property had been conveyed by Ellinger to appellant without any consideration, and that it was equitably the property of Ellinger, the judgment debtor.

On February 23, 1898, and before appellant had been served with process in the suit, a receiver was appointed for the property in general of Ellinger. Appellant claimed title to the property in question by conveyance from Ellinger. On April 22, 1898, an order was entered extending the receivership to the property in question. Appellant was served with process on the same date, April 22, 1898, and it appears from the record that she was present in court when the order of April 22, 1898, was entered, and that upon the hearing then had, her testimony was taken. The order recites that it is based upon her testimony and that of Ellinger, and affidavits.

On May 6, 1898, an order was entered requiring appellant to show cause why she should not be attached for contempt of court.

On May 7, 1898, it was ordered that appellant be fined in the sum of $100 for failure to obey the order of April 22, 1898, because of her interference with the possession of the receiver.

From this last order the appeal here is prosecuted.

Moses Salomon, attorney for appellant.

Mr. Justice Sears delivered the opinion of the court.

The only question raised by the briefs of counsel for appellant is as to the jurisdiction of the Superior Court to empower that court to enter and enforce the order of April 22, 1898. All other assignments of error are abandoned by the limitation of the briefs filed.

It is urged in effect that because the appellant was only served with process on April 22, 1898, and the return term of court, at which she was obliged to appear and defend, had not yet arrived when the order of April 22, 1898, was entered, therefore that order was entered by the court when it had no jurisdictional power to control appellant's property, and, as to her, it was null and of no effect. It is contended that no adjudication of the rights of appellant could be had until she had been not only made a party to the proceeding, but as well had her day in court to be heard in defense of her rights.

Counsel confuse the interlocutory control of the property, by appointment of a receiver *pendente lite*, with a final order determinative of the rights of the litigants. It is true that the interests of appellant could not be finally disposed of in this suit until she had been given her right to be heard in defense. But here there is no final adjudication. The court merely sought by its interlocutory order to preserve the estate until a final determination might be had. When the order extending the receivership to include this property was entered, appellant had not only been served with process, but the record shows that she was

present in court, and that her testimony was taken. That testimony is not here set forth by the record. We are to presume that it was such as made the order a proper one.

We can not assent to the contention of counsel that the court was powerless to appoint a receiver *pendente lite* until after the appellant, claimant of the property, had gone through the procedure of demurring or pleading to or answering the bill of complaint. Such a holding would make interlocutory orders appointing receivers *pendente lite* impossible, for after the answer or plea, the same reasoning would require a waiting for final adjudication.

The court had power to act. The propriety of the order, if there was power, is not questioned. No appeal was prosecuted from the original order appointing the receiver, or from the later order extending the scope of the receivership. This appeal is from the order punishing appellant for contempt of the court in disregarding that order. It is not contended that the order was improper if the court had the power to act. The order is affirmed.