## Chicago Title & Trust Company et al. v. Charles Chapman et al.

### Gen. No. 13,415.

1. RECEIVER—*when appointment of, proper.* The appointment of a receiver for a building in course of erection is proper where it appears that it is likely to be the subject of protracted litigation and unless completed would pass into decay.

2. RECEIVER—*what determined by appointment pendente lite.* The appointment of a receiver *pendente lite* does not in any way determine the rights of the parties to the litigation in which the receiver is appointed.

3. CONSOLIDATION OF CAUSES—*when properly made.* The consolidation of a mechanic's lien and a foreclosure proceeding is proper where the rights of the mortgage interests and those of the lien claimants are intimately interwoven.

Foreclosure and mechanic's lien proceedings, consolidated. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 18, 1907.

**Statement by the Court.** This is an appeal from an interlocutory order of the Superior Court appointing the Central Trust Company, of Illinois, receiver of certain premises in Chicago, described as lots 13 and 14, except the west 8 feet thereof, in block 2, in Rufus C. Hall's addition to Argyle, in the S. ½ of the S. W. ¼ of section 8, in township 40 north, range 14, east of the

third principal meridian, with an apartment house in process of costruction and incompleted situate thereon, called the "Veceto Apartments."

Charles Chapman, the mason contractor, filed his bill for a mechanic's lien upon the premises in question in the Superior Court, Gen. No. 254,973, and thereafter the Chicago Title & Trust Company filed its bill in the same court, Gen. No. 255,073, to foreclose a trust deed, in the nature of a mortgage, upon these premises, to secure the payment of a loan of $40,000, made by the appellant, the Jennings Real Estate & Loan Company, to Charles T. Richey.

We shall make no extended reference to the averments of the several bills, as the merits of the controversy projected by them are not before us for review, but will content ourselves by adverting only to so much thereof necessary, in our opinion, to determine the one question presented by this appeal, viz., whether the Superior Court erred in entering the order appointing the Central Trust Company of Illinois, receiver.

The bill for a mechanic's lien prayed *inter alia* (R. p. 10), "that some discreet person should be appointed as Receiver to take charge of said building and the balance of the money, if any, that may be in the hands of the Jennings Real Estate & Loan Company, and that said money should be applied towards completing said apartments and offices, and in and about securing tenants for the same. Said receiver ought to be authorized to complete said building and execute leases for apartments, collect the rents thereof and apply the same toward the payments due your orator."

The bill to foreclose the trust deed also prayed *inter alia* (R. p. 38), "That a receiver may be appointed with the usual powers and authority of receivers in chancery to take possession of and lease the premises herein described, and to collect the rents, issues and profits thereof during the pendency of this cause and during the statutory time of redemption under the orders and direction of this court. That such receiver may be

authorized and empowered to complete and finish said building on said premises, and for that purpose to borrow money, if necessary, and to issue his receiver's certificates of indebtedness for the money so borrowed, which shall be a further and prior lien on said premises to any and all other liens thereon, and to do and perform such other duties as this court may order and direct."

Charles Chapman, complainant in the bill for a mechanic's lien, made a motion for the appointment of a receiver under the prayer of his bill, and on R. p. 22 appears the following: "When the motion of said Charles Chapman for the appointment of a receiver under the bill of complaint filed by him came on for hearing, counsel for the Chicago Title & Trust Company, Trustee, etc., the complainant in the bill of complaint filed by it against the said Charles T. Richey, Charles Chapman and others which case is numbered 255,073, made a written motion for the appointment of a receiver under its bill. It was thereupon agreed that the court might hear both motions at the same time."

The written motion for the appointment of a receiver referred to in the foregoing recitation is found on R. p. 43. It is for a receiver "of the real estate described in the bill of complaint in said cause and of the rents, issues and profits thereof upon the grounds and for the reasons stated in said bill and affidavit filed in this cause."

At the conclusion of the argument of the complainants in both bills for the appointment of a receiver under their respective bills, complainant in the bill to foreclose, withdrew its motion, as appears from this recital on R. p. 53: "Upon the statement by the court that the two causes would be consolidated and a receiver appointed in the consolidated cause, counsel for the Chicago Title & Trust Company, the complainant in cause numbered 255,073, withdrew the motion for a receiver in said cause numbered 255,073, heretofore made by the complainant therein."

The court on the following day, August 23, 1906, entered an order consolidating the bill to foreclose with the bill for a mechanic's lien (R. p. 59), and on August 24, 1906, entered the order appointing a receiver in the causes as consolidated. The authority of the receiver is as follows: "Hereby authorized to take charge of said premises and pursuant to the further orders of this court to complete and finish the building on said premises, and to make the same tenantable and also to rent the same in such manner and on such terms as the court may direct, and to collect the rents and profits arising therefrom, and to have full power as such receiver in chancery, subject to the orders of this court."

The receiver was thus appointed after a full hearing of the motion, the reading of both the bills, each being under oath, together with numerous affidavits supporting therein the motions of each of the complainants for a receiver. All of the parties in the record before us, including appellants, were represented upon the hearing by counsel, who participated actively in an endeavor to convince the court of the propriety and necessity for the appointment of a receiver, until complainant in the bill to foreclose withdrew its motion just at the time when the court was about to comply with its request and give judicial sanction to its motion and the prayer of its bill.

The errors assigned are that the orders of the chancellor consolidating the two causes and in appointing a receiver are erroneous.

HENRY W. LEMAN and FRANK H. CULVER, for appellants.

HAMILTON & HAMILTON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

With the merits of this controversy we have no con-

cern at this time. They remain unsettled for solution and adjudication when a hearing is had in the court below. However, certain facts do appear uncontroverted in both bills, which are pertinent in reviewing the actions of the chancellor here alleged to constitute error.

Chapman was the mason contractor for the "Veceto Apartments." He is claiming a lien under the mechanic's lien statute, for moneys he claims due him under his contract for work done and materials furnished for that building. The Chicago Title & Trust Company is trustee in a trust deed made to secure a loan of $40,000 upon the security of the real estate and building on which Chapman claims his lien. This loan was made by the Jennings Real Estate & Loan Company, primarily for the purpose of being used to pay for the erection of the "Veceto Apartments." That the Jennings Real Estate & Loan Company still retains some part of that loan and has applied other parts of the loan for unauthorized purposes, in the payment of commissions to itself and a debt due the Jennings Company from a person other than the borrower. That an accounting should be had to determine the amount still remaining of the $40,000 loan in the hands of the Jennings Company, which should in equity be applied toward the payment of liens claimed upon the property by building contractors, electrical men, mechanics and others, and for the completion of the building.

Both complainants aver that the building is not completed, and both ask that it be completed under the order of the court, and when completed rented, and to accomplish this that a receiver be appointed by the court clothed with sufficient power and authority for that purpose. Both parties ask for a receiver by their respective bills, and likewise both made motions for the appointment of such a receiver, argued the motions before the chancellor, and produced affidavits establishing sufficient facts which made it the duty of the chancellor to grant the motion and appoint a suit-

able person, natural or artificial, as receiver to take possession of the property and put it in a condition in which it could be made available financially to satisfy the liens which might be established against it. For some reason, not appearing from the record, after the chancellor had announced his intention to enter an order in compliance with the motions of the parties for a receiver, the Chicago Title & Trust Company, trustee, complainant in the foreclosure suit, withdrew its motion for a receiver. Had the application for a receiver rested upon the motion of the Chicago Title & Trust Company, the court would, after the withdrawal of its motion, have been without authority to further entertain the motion, but as the motion of Charles Chapman for the appointment of a receiver still remained for determination by the chancellor, and the Chicago Title & Trust Company as trustee, etc., being a defendant to the Chapman bill, the status of the parties was not materially changed, neither was the power of the court upon the Chapman motion in any wise arrested, and the Trust Company was as completely concluded by the order under the Chapman motion when made, as it would have been had it not withdrawn its own. By the order appointing a receiver the chancellor did not determine the rights of any of the contestants in the dual litigation. All he did in effect was to determine by such order that in the then state of the *res* involved, it was imperative in order to preserve it as a valuable property, for those whom thereafter the court should determine might be entitled to it, or an interest in it, to appoint a receiver. Surely it cannot be seriously contended, in the face of the allegations and prayers of the two bills, that the chancellor would have been justified on being moved by either party in interest in refusing to appoint a receiver. But for a receiver, what is to become of this property during what threatens to be, and has all the earmarks of being, a protracted litigation? Interest accruing on mortgage indebtedness and lien claims, taxes piling up, building going to decay for

want of completion, and no income possible from the property if it is allowed to remain in its present incomplete condition. If there ever was a case calling for the protection of a receiver, certainly this is that case.

The paramount question presented by both the bills to foreclose and for a mechanic's lien, is the order of priority of the several liens asserted under the bills, and the liability of the Jennings Company for moneys in its hands, if any it has, the proceeds of the $40,000 loan, which should be applied to the payment of construction claims.

The rights of the claimants of the property, the mortgage interests and the rights of the lien claimants are so interwoven in both the bills by their averments, that to settle and adjudicate them without conflict in their varied ramifications it became the imperative duty of the chancellor, in the exercise of a sound judicial discretion, to consolidate them for hearing and final determination as one cause. Without so doing, confusion and conflict must inevitably ensue.

The Central Trust Company was appointed receiver, not to conserve the interests of any particular party to the litigation, but for the purpose of protecting the property, saving it from going to waste, making it productive of income, and to enhance its value and preserve it for such of the parties whom the decree of the court on final hearing ultimately adjudicates to be entitled thereto or to liens thereon. The limitation upon the power of the court to appoint receivers is either to prevent fraud, save the subject of litigation from material injury, or rescue it from threatened destruction. Baker v. Backus, Admr., 32 Ill. 79; Original Vienna Bakery v. Heissler, 50 Ill. App. 406.

It is a well settled practice to appoint a receiver *pendente lite* without, in a proper case, first determining the rights of the parties to the litigation in the subject-matter of the controversy. Railton v. The People, 83 Ill. App. 396.

Appellants say that the Mechanic's Lien statute, while it authorizes the court "to complete any unfinished building where the same is deemed for the best interest of all the parties interested," yet there is no finding of fact in the order appointing a receiver that the completing of the building would be for the best interest of the parties interested, and that such a finding is indispensable. True it is, there is no such finding, and for the best of reasons. Such finding would be superfluous. The pleadings of the parties in both causes affirm it, under oath, and pray its accomplishment. It would be eminently proper, in the incomplete condition of the building, to appoint a receiver in either the mechanic's lien or foreclosure proceeding, and the duty of the court in this regard was none the less when the causes were consolidated, for in that condition of the record the duty of the court may be said to be emphasized.

As to the order of appointment on the motion of the mechanic's lien complainant exceeding the right of the lien claimant in extending the receiver's authority to the collection of the rents and income, it is a sufficient answer that the mortgage claimant was a party defendant as well as the fee claimant, and as to the rents, the court in a subsequent determination of the rights of the parties to the property would be vested with the power and duty and entirely free to order such rents paid to whichever party the decree found to be entitled thereto.

Nothing in the numerous authorities cited by appellant hold to the contrary.

The chancellor did not abuse his discretion in hearing proof by affidavit out of the usual order of the hearing of proof, as the record discloses that equal rights in this respect were accorded each contestant, and all the proof offered by either of them was received and heard without regard to the order or time when proffered.

We think the chancellor neither misapprehended the

probative force of the proof or of the law governing it in granting the motion for the appointment of a receiver, and the order of the Superior Court appointing the Central Trust Company of Illinois, receiver in the consolidated cause, is affirmed.

*Affirmed.*