## *McDougall Company, Appellee, v. R. F. Woods, Appellant.

## Gen. No. 32,068.

1. APPEAL AND ERROR—*purpose of statute permitting appeals from interlocutory orders.* The primary purpose of the statute permitting appeals from interlocutory orders is to permit a review of the exercise of the chancellor's discretion to determine whether the orders probably were necessary to sustain the *status quo* and preserve the equitable rights of the parties, and it is not the purpose to provide for a review of the rulings of the trial court on demurrers or to secure from the reviewing court its judgment on demurrers before the trial court has ruled thereon.

2. APPEAL AND ERROR—*matters reviewable on appeal from interlocutory orders for temporary injunction and receiver pendente lite.* On an appeal from interlocutory orders granting a temporary injunction and appointing a receiver *pendente lite* upon averments of a bill that the agent to collect money for the complainant, having under his control the only books showing such collections and accounts of sales, refuses to account for money collected, refuses to allow the complainant to examine the books and has not truthfully disclosed the names of the purchasers nor the statement of their accounts, the court will not pass upon the demurrability of the bill or the merits of the cause, and will merely determine whether the bill presents circumstances which lead to a belief that probably the complainant will be entitled to the relief.

3. INJUNCTIONS—*when temporary injunction against agent collecting principal's funds is proper.* Under the averments of a bill that the agent to collect money for the complainant, having under his control the only books showing such collections and accounts of sales, refuses to account for money collected, refuses to allow the complainant to examine the books and has not truthfully disclosed the names of the purchasers nor the statement of their accounts, it is proper temporarily to enjoin the defendant from collecting or receiving any money which equitably belongs to the complainant and from using any of said funds for his own use.

4. RECEIVERS—*when appointment of receiver pendente lite to collect funds under agent's control is proper.* Under the averments of a bill that the agent to collect money for the complainant, having under his control the only books showing such collection and accounts of sales, refuses to account for money collected, refuses to allow the complainant to examine the books and has not truthfully disclosed the names of the

*Motion by appellant for leave to file petition for mandamus directing the Appellate Court to change its opinion denied by Supreme Court February 15, 1928.

purchasers nor the statement of their accounts, it is proper to appoint a receiver *pendente lite* with power only to collect and receive all funds belonging to the complainant and to discover assets belonging to it.

5. INJUNCTIONS—*when granting temporary injunction without notice is proper.* It is not error to grant an order for temporary injunction without notice where it appears that defendant could not be served with notice because his place of business was closed and no one was in charge, and that attorneys who had represented the defendant in matters set forth in the bill of complaint stated, upon service of the notice on them, that the defendant was out of the jurisdiction of the court and that they had no interest in the litigation.

6. RECEIVERS—*when appointment of receiver pendente lite without notice is proper.* It is not error to grant an order for the appointment of a receiver *pendente lite* without notice where it appears that defendant could not be served with notice because his place of business was closed and no one was in charge, and that attorneys who had represented the defendant in matters set forth in the bill of complaint stated, upon service of the notice on them, that defendant was out of the jurisdiction of the court and that they had no interest in the. litigation.

7. APPEAL AND ERROR—*bonds for temporary injunction and receiver pendente lite as not subject to review.* On an appeal from interlocutory orders granting a temporary injunction and appointing a receiver *pendente lite,* it was not the province of the court to pass on questions concerning the amount of the bonds.

MATCHETT, J., dissents.

Appeal by defendant from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1927. Affirmed. Opinion filed January 16, 1928. Rehearing denied and opinion modified January 28, 1928.

BAKER, HOLDER & SCHMIDT and MOSES, KENNEDY, STEIN & BACHRACH, for appellant; WALTER BACHRACH, LEROY W. HOLDER and ISAAC E. FERGUSON, of counsel.

O'CONNELL, HERR & ARVEY, for appellee; SIMON HERR and K. B. CZARNECKI, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from interlocutory orders appointing a receiver and granting a temporary injunction entered upon the recommendation of a master in chancery. The bill was filed July 2, 1927, and defendant

demurred thereto, which demurrer, we are informed, is still pending.

Briefly summarized, the bill alleges a contract between the complainant, an Indiana corporation, and defendant, a resident of Chicago, whereby defendant was to sell in Cook county, Illinois, certain kitchen equipment shipped to him by complainant. The accounts of sales by defendant were to be assigned to complainant, but when requested defendant was to make these collections. Defendant was to keep books showing such accounts and complainant was given the right to examine the same at any time for the purpose of ascertaining the names of purchasers. The bill asserts that the defendant has not truthfully disclosed the names of such purchasers nor the statement of their accounts and refuses to forward monies collected by him and refuses to permit complainant to examine his books. The contract, in terms, made defendant the agent of complainant with reference to collections, and the bill alleges that defendant has a considerable sum of money in his hands belonging to complainant, for which defendant refuses to account. The bill prayed for an accounting and an injunction and the appointment of a receiver. Interlocutory orders were entered, enjoining the defendant from collecting any monies which belonged to the complainant and from using any of said funds for his own use, and also appointing a receiver for the purpose of collecting any funds belonging to complainant.

Defendant argues that the bill states no cause of action; that chancery has no jurisdiction over the defendant and like matters, all of which questions are raised by the demurrer filed.

In appeals from interlocutory orders it is not our province to determine the rights of the parties in the subject matter of the litigation, but simply to determine from the averments of the bill whether the party probably is entitled to the relief sought. Where such

an order is improvidently granted without notice, in a case where notice should have been given, or where the statute requires a bond as a condition precedent and none has been given, the interlocutory orders so improvidently granted will be reversed without reference to the merits of the cause.

In *Railton v. People*, 83 Ill. App. 396, it was said:

"Counsel confuse the interlocutory control of the property, by appointment of a receiver *pendente lite,* with a final order determinative of the rights of the litigants. It is true that the interests of appellant could not be finally disposed of in this suit until she had been given her right to be heard in defense. But here there is no final adjudication. The court merely sought by its interlocutory order to preserve the estate until a final determination might be had."

In *Love v. Love*, 145 Ill. App. 150, opinion by Mr. Justice Adams, it was held that an interlocutory appeal does not bring the merits of the controversy before the reviewing court:

"It is not intended or contemplated by the statute authorizing appeals from interlocutory orders appointing receivers, that on such appeals questions relating to the merits of the causes in which the interlocutory orders are entered shall be considered and passed on by the reviewing court."

See also High on Injunctions, 4th Ed., p. 9.

In *Alleanza Italiana v. Papa*, 199 Ill. App. 401, it was held that on appeal from an interlocutory injunction the Appellate Court will not pass upon the sufficiency of the bill or whether it will be obnoxious to a demurrer.

In *Baird v. Community High School Dist. No. 168,* 304 Ill. 526, it was held that it was not sufficient ground for refusing a preliminary injunction, that it is not absolutely certain that complainant has the right he claims, but that if the bill of complaint states facts which prima facie give a right to such relief, the courts

should grant a temporary injunction, which will have no more effect than the mere maintenance of the *status quo*. In High on Receivers, chapter 1, section 8, it is said that the reviewing court, without forestalling or anticipating the final decision of the cause, will give consideration in reviewing an interlocutory order to the probability that the plaintiff will ultmately be entitled to a decree in his action.

The statute permitting appeals from interlocutory orders was not intended primarily to provide for a review by this court of the rulings of the trial court on demurrers or to secure from this court its judgment on demurrers before the trial court has ruled thereon. A bill, when first filed, is frequently demurrable, especially bills for injunctions which are usually hurriedly prepared, but which may be made good by proper amendments which the first court has power to allow. We have no such power. The primary purpose of the statute is to permit a review of the exercise of the discretion lodged in the chancellor with the purpose of determining whether the interlocutory order probably was necessary to maintain the *status quo* and preserve the equitable rights of the parties.

We do not feel called upon to pass upon the demurrability of the bill or the merits of the cause. It is enough to say at present that the bill presents circumstances which lead to a belief that probably the plaintiff will be entitled to relief. The essence of the bill is the averment of a fiduciary relationship between the parties, in which defendant in the matter of collections made by him was the agent of complainant, having under his control the only books showing such collections and the accounts. There was no impropriety in temporarily enjoining the defendant from collecting or receiving any monies which equitably belonged to the complainant and from using any of said funds for his own use. The receiver is not a general receivership, but is given the power only to collect and receive

all funds belonging to the complainant and to discover assets belonging to it.

It is said that it was improper to enter the orders without notice. The record shows an affidavit, by a law clerk in the office of complainant's solicitors, that an effort was made to serve the defendant with notice, but defendant's place of business was closed and no one was in charge; that the following day a notice of the pendency of the motion was served by leaving a copy with the attorneys who had represented the defendant in negotiations relative to matters set forth in the bill of complaint, and that said attorneys told affiant that the defendant was out of the jurisdiction of this court and that they had no interest in the litigation. Under such circumstances it was not error to grant the orders without notice.

Some question is raised concerning the amount of the bonds, but such questions should be addressed to the chancellor.

No grounds, which we can now consider, appear for holding that the orders were improvidently entered and they are therefore affirmed.

*Affirmed.*

O'CONNOR, J., concurs.

MR. JUSTICE MATCHETT dissenting: I think the order appointing the receiver should be reversed.