**Julius Friedman, Appellee, v. Joseph Peckler, Appellant.**

**Gen. No. 33,956.**

200

Opinion filed November 27, 1929.

MORTON JACOBSON and WILLIAM A. ROGAN, for appellant; WILLIAM C. BURNS and R. HAMLIN PETTY, of counsel.

CAMPBELL & FISCHER and LATHAM CASTLE, for appellee; JOHN G. CAMPBELL and HERMAN A. FISCHER, JR., of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

This is an interlocutory appeal prosecuted by Joseph Peckler, defendant, to reverse an order entered by the chancellor of the circuit court of Cook county on motion of complainant, Julius Friedman, administrator of the estate of Ben Manfield, restraining the said defendant from prosecuting his action at law in the municipal court of Chicago, and from collecting or attempting to collect, a certain policy of insurance issued by the Mystic Workers, upon the life of Ben Manfield, deceased. The order was based upon an amended and supplemental bill of complaint, subscribed and sworn to by the said Julius Friedman, and upon the giving of a bond by the complainant, and after notice to the defendants.

The amended and supplemental bill of complaint charges that on the 16th day of April, 1929, Ben Manfield, a resident of the State of Illinois, died intestate, leaving certain heirs; that subsequently complainant was appointed administrator of the estate of the said Manfield and qualified as such; that the said Ben Manfield prior to his death had taken out a certain policy of insurance in the Modern Woodmen of America and also a certain policy of insurance in the Mystic Workers; that the original beneficiaries named in said policies of insurance died and that thereupon a certain agreement was entered into between the said Manfield and the defendant Peckler, which agreement was in writing and attached to the amended and supplemental bill of complaint, wherein it was provided that the said Peckler was to be named as beneficiary of said insurance under an express agreement that he would receive the proceeds of said insurance as trustee for the benefit of the estate of the deceased; charges further that the said Peckler has repeatedly stated that he did not intend to carry out the terms of the agreement and the trust, but would convert the proceeds of the insurance policies to his own use; charges further that the said defendant Peckler attempted to collect the insurance policies and will do so unless restrained by the court, and that he is in impecunious circumstances and financially irresponsible, so that a judgment against him would be of no avail.

The injunctional order was entered August 15, 1929. August 26, 1929, the defendant Peckler filed a general and special demurrer to this amended and supplemental bill of complaint. August 26, 1929, the same day upon which the general and special demurrers were filed by the defendant Peckler, the appeal bond in this proceeding was filed and approved.

The brief does not contain the points relied upon for reversal but, under the heading, "Brief of Points"

which is, in fact, the authorities relied upon in the argument in support of the motion to reverse, counsel proceeds to argue the matter upon the merits of the amended and supplemental bill.

No error is predicated upon the failure of the complainant to give bond nor upon the insufficiency of the notice. Under the heading, "Brief of Points," we find the following:

I. Amended and supplemental bill of complaint discloses upon its face that complainant was not entitled to an injunction.

II. Complainant was prohibited from collecting the proceeds of the benefit certificate, both by the by-laws of the Mystic Workers and the statutes of the State of Illinois.

III. The change of beneficiary should have been made in accordance with the terms of the policies and the by-laws of the insurance societies.

IV. The burden is upon the complainant to support the order and the decree by a sufficient showing.

V. If the complainant cannot have any ultimate relief on the hearing, he can have no interlocutory injunction.

VI. The verification was insufficient.

VII. The allegations of the amended and supplemental bill are upon information and belief.

VIII. The contract is in violation of a statute of the State of Illinois.

Counsel have evidently misapprehended the purpose of a temporary restraining order and in their brief have attempted to argue the merits of the cause in the same manner as if presented on a demurrer to the amended and supplemental bill of complaint. The purpose of a temporary injunction, when issued by a court of first instance is to preserve the matters *in statu quo* until that court has had an opportunity to consider the cause upon its merits, or upon demurrers

presented and argued. An interlocutory appeal was
not intended as a short cut to an appeal tribunal, in
order to dispose of a cause upon its merits, without
giving the trial court an opportunity to first consider
it. If the defendant to a bill which, among other
things, prayed for a temporary restraining order, con-
fidently believed that the bill was bad, he could file his
demurrer as was done in this case and stand by it in
the event he was unsuccessful in the trial court and
assume the responsibility of his own position. If we
should pass upon the merits of the bill upon the appeal
from the interlocutory injunction, it would still leave
his demurrer undisposed of in the trial court without
requiring him to elect as to whether he would stand by
his demurrer or answer the bill.

This court very recently in the case of *McDougall
Co. v. Woods*, 247 Ill. App. 170, had occasion to pass
upon this proposition. The court in its opinion in that
case said:

"Defendant argues that the bill states no cause of
action; that chancery has no jurisdiction over the de-
fendant and like matters, all of which questions are
raised by the demurrer filed.

"In appeals from interlocutory orders it is not our
province to determine the rights of the parties in the
subject matter of the litigation, but simply to deter-
mine from the averments of the bill whether the party
probably is entitled to the relief sought. Where such
an order is improvidently granted without notice, in a
case where notice should have been given, or where the
statute requires a bond as a condition precedent and
none has been given, the interlocutory orders so im-
providently granted will be reversed without reference
to the merits of the cause.

\* \* \* \* \* \* \* \*

"The statute permitting appeals from interlocutory
orders was not intended primarily to provide for a

review by this court of the rulings of the trial court on demurrers or to secure from this court its judgment on demurrers before the trial court has ruled thereon. A bill, when first filed, is frequently demurrable, especially bills for injunctions which are usually hurriedly prepared, but which may be made good by proper amendments which the first court has power to allow. We have no such power. The primary purpose of the statute is to permit a review of the exercise of the discretion lodged in the chancellor with the purpose of determining whether the interlocutory order probably was necessary to maintain the *status quo* and preserve the equitable rights of the parties.

"We do not feel called upon to pass upon the demurrability of the bill or the merits of the cause. It is enough to say at present that the bill presents circumstances which lead to a belief that probably the plaintiff will be entitled to relief."

To the same effect see also *Railton v. People,* 83 Ill. App. 396; *Love v. Love,* 145 Ill. App. 150; *Love v. Atchison, T. & S. F. Ry. Co.,* 185 Fed. 321; High on Injunctions, 4th Ed., sec. 1696; 32 Corpus Juris, p. 20.

The trial court is not required to examine minutely the bill of complaint prior to the entry of an interlocutory decree for an injunction, as the entry of such order is justly within the discretion of that court if, in its opinion, it is necessary to hold the matters *in statu quo* until a more complete hearing can be had upon the bill. Courts of review are not inclined to interfere with this discretion, where it appears that the requirements of the statute on the granting of such interlocutory orders have been complied with by the giving of notice and bond on the part of the complainant.

High on Injunctions, vol. 2, 4th Ed., sec. 1696, says:

"§ 1696. Appellate courts averse to interfering with action of court below; exception to rule. It is, however, worthy of note that even in those states where

the right of appeal is recognized from an order of a court of original jurisdiction granting or refusing an interlocutory injunction, courts of review or of appellate jurisdiction interfere with extreme reluctance with the action of the inferior court. Treating the power of granting interlocutory injunctions as resting in a sound judicial discretion, the courts of appellate jurisdiction are averse to any interference with the exercise of that discretion. And to such an extent is this aversion manifest, that it may be stated as a general rule prevailing in states where appeals are allowed from orders granting or refusing injunctions *in limine,* that the appellate or revisory tribunal will not interfere with or control the action of the court below in such matters unless it has been guilty of a clear abuse of that discretion; and by abuse of discretion within the meaning of the rule is meant an error in law committed by the court. . . .''

From a reading of the amended and supplemental bill, it is apparent that the circuit court has jurisdiction of the subject-matter, namely, a trust, if it is a trust, and further that the court has jurisdiction of the parties. It is not within the province of this court on this appeal to consider the merits of the controversy between the parties in order to express an opinion as to its probable outcome. Upon the hearing on the demurrers, general and special, filed herein by the defendant, a proper occasion will arise upon which the matter can be presented to this court for full consideration, if the defendant so desires.

For the reasons stated in this opinion, the order of the circuit court granting a temporary injunction is affirmed.

*Order affirmed.*

RYNER and HOLDOM, JJ., concur.