Anna M. Lee et al., Appellees, v. Carl A. Hansberry et al., Appellants.

Gen. No. 39,754.

Heard in the first division of this court for the first district. Opinion filed October 7, 1937. Rehearing denied October 22, 1937.

Earl B. Dickerson, Truman K. Gibson, Jr., C. Francis Stradford, Loring B. Moore and Irvin C. Mollison, all of Chicago, for appellants.

Charles A. Churan and Schuyler & Hennessy, both of Chicago, for appellees.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiffs filed their verified complaint in equity against defendants to enjoin them from violating the provisions of a restrictive agreement entered into between about 500 property owners of property on the South side of Chicago known as the Washington Park subdivision. The restrictive agreement provided against the leasing or selling of any of the premises to persons of the colored race. Certain of the defendants filed their motion to strike the complaint in the nature of a special demurrer. Plaintiffs moved for a

temporary injunction and the court entered an order finding that the complaint was sufficient to require an answer, defendants were ordered to answer it within 30 days, and that a temporary writ of injunction issue restraining the defendants. They prosecute this interlocutory appeal, seeking a reversal of that part of the order which awarded a writ of injunction. The validity of the restrictive agreement in question was upheld by another division of this court. *Burke v. Kleiman,* 277 Ill. App. 519.

The allegations of the complaint, so far as it is necessary to state them here, are that defendant James Joseph Burke had been president and executive secretary of the Woodlawn Property Owners' Association until March 1, 1937, when he resigned. The object of the Association was to enforce the restrictive agreement entered into by the owners of the property involved; that Burke had a falling out with the members of the Property Owners' Association, and afterward entered into a conspiracy with defendants Hansberry and Pace, members of the colored race, the latter an attorney and secretary of the Supreme Liberty Life Insurance Company, to violate the terms of the restrictive agreement by placing Negroes either as owners or tenants of property in the restricted area; that through fraud and misrepresentation these defendants induced the First National Bank of Englewood, which held title to the premises known as 6140 Rhodes avenue, and which was in the restricted area, to sell it to J. B. Crook, a white person, and thereupon Crook conveyed the premises to defendant Hansberry; that some time prior to the conveyance of the Rhodes avenue property Hansberry, through connivance, secured a lease on the premises at 549 East 60th street, in the restricted area, and that afterward this lease was held invalid by the circuit court of Cook county, and such holding was affirmed by this court. *Plath v. DeLauntry,* 289 Ill. App. 625 (Abst); that Hansberry having on May 26, 1937, been ousted from the property on

60th street, immediately moved into the Rhodes avenue premises where he was living at the time, and on June 7th thereafter the instant suit was brought.

It is further alleged in the complaint that defendant Pace unlawfully occupied premises at 413 East 60th street, within the restricted area, and that a suit to enforce the provisions of the agreement in question was filed against Pace in the Superior court of Cook county; that defendant Burke maliciously conspired with Hansberry and Pace and other members of the colored race to violate the terms of the restrictive agreement by placing colored people as tenants or owners of property within the restricted area, and that Burke had stated he was going to do this and get even with the Woodlawn Owners' Property Association by putting colored people in every block of the property; that violation of the provisions of the restrictive agreement by the defendants has irreparably damaged the property in question; that certain of the white tenants of some of the property are threatening to break their leases and vacate premises occupied by them. There are a number of other allegations setting up violations of the provisions of the restrictive agreement, but we think it unnecessary to refer to them further.

By the order appealed from the defendants were enjoined from violating any of the provisions of the restrictive agreement and defendant Hansberry and wife were restrained from attempting to collect rent from tenants of the second or third apartments of the premises at 6140 Rhodes avenue, and in case such tenants, who were of the white race, moved out, from placing Negro tenants in the two apartments. The two tenants were ordered to deposit their rents with the clerk of the court. The order found that Hansberry and wife "are unlawfully in title, possession and occupancy of" 6140 Rhodes avenue because of the violation of the restrictive agreement, and it was further ordered that they vacate the premises within 90

days, and upon their failure to do so that a writ of assistance issue.

Defendants contend that the complaint fails to state a cause of action because it fails to allege the restrictive agreement was signed by the owners of 95 per cent of the frontage of the property in the restricted area and that by the terms of the restrictive agreement it was not to become effective unless signed by the persons owning 95 per cent of the frontage. The agreement provides that it shall not be effective unless "signed by the owners . . . of ninety-five per centum of the frontage above described." The allegation of the complaint is that "ninety-five per centum of the owners of the frontage above described" have signed the agreement. We think the objection is hypercritical, but in any event, even if the complaint were subject to the special demurrer or motion to strike on this ground, that would not warrant us in disturbing the order appealed from. *McDougall Co. v. Woods*, 247 Ill. App. 170; *Friedman v. Peckler*, 255 Ill. App. 199; *Levy v. Rosen*, 258 Ill. App. 262; *Lincoln Trust & Savings Bank v. Nelson*, 261 Ill. App. 370; *Mayer v. Collins*, 263 Ill. App. 219; *DeKalb Trust & Savings Bank v. DePaul Ed. Aid Society*, 278 Ill. App. 102.

In the *McDougall* case, which was an appeal from an interlocutory order appointing a receiver and granting a temporary injunction, we said (p. 172): "In appeals from interlocutory orders it is not our province to determine the rights of the parties in the subject matter of the litigation, but simply to determine from the averments of the bill whether the party probably is entitled to the relief sought"; that where such order was improperly granted without notice where notice was required, or where the statute required a bond as a condition precedent and none had been given, the order will be reversed without reference to the merits of the cause. And continuing we said (p. 174): "We do not feel called upon to pass

upon the demurrability of the bill or the merits of the cause. It is enough to say at present that the bill presents circumstances which lead to a belief that probably the plaintiff will be entitled to relief." This holding was followed in each of the cases above cited.

A number of other objections of a similar character are urged by defendants, all going to the question of the sufficiency of the allegations; but what we have said we think is sufficient to hold that these contentions are untenable on this appeal.

A further point is made that the order is wrong and should be reversed because it disturbs "the *status quo*" of the parties, in that Hansberry and his wife are ordered to vacate and give up possession of the premises at 6140 Rhodes avenue within 90 days, and it is said that a preliminary mandatory injunction "cannot be entered except under rare circumstances," where the case has not been heard on its merits.

In *Peoples Gas Light & Coke Co. v. Slattery,* 287 Ill. App. 379, we said (p. 389): "While as a general rule a preliminary mandatory injunction will not be awarded, yet in a proper case the issuance of such an injunction may be the only effective remedy (*Pokegama Sugar-Pine Lumber Co. v. Klamath River Lumber and Imp. Co.,* 86 Fed. 528), and as said in *United Rys. of San Francisco v. Superior Court,* 172 Cal. 80 (155 Pac. 463): 'There is no magic in the phrase "Maintaining the *status quo*" which transforms an injunction essentially prohibitive into an injunction essentially mandatory.' " (See also *Whitecar v. Michenor,* 37 N. J. Eq. 6; *Broome v. New York and N. J. Tel. Co.,* 42 N. J. Eq. 141.) There are cases in which the *status quo* ought not to be maintained. Such was the holding in the *Pokegama* case and several authorities there cited.

In the instant case it appears from the allegations of the bill, which for the purpose of this appeal must be admitted to be true, that Hansberry was familiar

with the restrictive agreement of the property owners in question; that he entered into a conspiracy as above stated, to obtain title to the property which he knew was in violation of the terms of the agreement and which he knew had been held valid and binding by another division of this court. (277 Ill. App. 519.) He had been ousted from the occupancy of another piece of property in the restricted area on 60th street, by the circuit court of Cook county and which had been affirmed by this court. (*Plath v. DeLauntry*, 289 Ill. App. 625 [Abst.]). The day he moved from the property on 60th street he immediately moved into the property on Rhodes avenue. None of these allegations is denied, but as stated, on this record are admitted to be true. In these circumstances Hansberry is in no position to argue that the *status quo* should be maintained until the case is heard. The court by the order appealed from gave him 90 days in which to vacate the premises. If he had any defense he could have filed his answer and had the case heard on its merits within that time. From what we have said, we think it obvious there is no merit in Hansberry's contention that the order appealed from should be reversed because the court had no jurisdiction to direct the issuance of the writ of assistance in case Hansberry failed to vacate the premises. Since we hold that defendants' objection to the order was untenable, it follows that a writ of assistance was properly awarded. And under the holding in the *McDougall* case, from which we have above quoted, we think the order is not reversibly erroneous in finding that Hansberry unlawfully held title to the Rhodes avenue property. Obviously, if he has any defense it can be shown on the trial of the cause.

The order of the circuit court of Cook county is affirmed.

*Order affirmed.*

McSurely and Matchett, JJ., concur.