Western Auto Supply Company, Plaintiff-Appellee, v.
Gregg L. Chalcraft, Defendant-Appellant.

Term No. 58–F–22.

Fourth District.

March 13, 1958.

Released for publication April 1, 1958.

Cox, Smith & Bassett, of Wood River, for defendant-appellant.

Verlie, Eastman, Schlafly & Godfrey, of Alton (Harry H. Marshall, of counsel) for plaintiff-appellee.

JUDGE SCHEINEMAN delivered the opinion of the court.

This is an interlocutory appeal from an order which granted a temporary injunction upon notice, hearing, and the filing of bond. The defendant was represented by counsel at the hearing, but filed no answer, plea or motion, so that the only thing before the court for consideration was the verified complaint, and such oral argument as may have been made.

The complaint alleged that defendant operated a retail store under a written contract with plaintiff to buy merchandise from plaintiff; and plaintiff agreed to buy from defendant his credit documents executed by his customers, such as chattel mortgages, conditional

sale notes, etc. The contract provided that defendant would make the collections on the documents, and would remit them to plaintiff on the 10th of each month for the preceding month, holding them in the interim as trust funds, belonging to plaintiff. Defendant also contracted to pay all installments past due, and to keep accurate records, which he was to permit plaintiff to audit, and to furnish information on request, as to the status of any account.

It was further alleged that it had come to plaintiff's knowledge that defendant was collecting money on plaintiff's securities and diverting the funds to others instead of remitting to plaintiff, that he had failed and refused to make the payments as agreed, that he had sold and was selling to others the securities which were owned by plaintiff. There were other charges of fraud and misrepresentation. Finally it is charged that defendant refuses to allow plaintiff access to defendant's books and records and refuses to give plaintiff any information.

The prayer was for an injunction to restrain further sales or pledging of securities, or merchandise, particularly plaintiff's property, and from making further collections; there was a prayer for a judgment, for a receiver, and for other relief. The injunction was granted substantially as prayed, upon plaintiff filing a bond with surety in the sum of $30,000.

On this appeal defendant contends that plaintiff is seeking only to obtain a judgment for money, that equity should remit the case to the law side, that no particular property is involved, that the suit does not preserve a status quo, that there is an adequate remedy at law, and that the injunction was too broad, and unreasonable.

■ It is settled law that, when hearing an application for injunction upon a verified complaint not traversed, the allegations of fact well pleaded are taken as

463

true, and if there are defects, an opportunity to amend is allowed. Dunne v. City of Rock Island, 273 Ill. 53; Goldblatt Bros. v. Sixty-Third & Halsted Realty, 338 Ill. App. 543.

■ Accepting the complaint as true, we are of the opinion that it provides ample ground for the issuance of an injunction. There is no impropriety in temporarily enjoining a defendant from collecting or receiving monies which equitably belong to plaintiff, and from using any of the funds for his own use. McDougall Co. v. Woods, 247 Ill. App. 170; Ar-Tik Systems, Inc. v. Lark Sales Co., 12 Ill.App.2d 304, 337, 139 N.E.2d 308.

Since it is charged that defendant is selling property belonging to plaintiff, and refusing to permit an examination of his books and records, as provided by his contract, it appears the status quo must be preserved by injunction, else the situation may proceed to the point where no remedy would avail anything.

■ When that situation exists, the trial court is not required to be minutely critical of the complaint, and this court will not readily interfere with the discretion allowed in such matters. Friedman v. Peckler, 255 Ill. App. 199. It is not required that plaintiff make out a case that is certain to prevail on final hearing, it is enough if there is shown a fair question as to the existence of the rights claimed, so that the court is satisfied their present state should be preserved until final hearing and disposition. Nestor Johnson Mfg. Co. v. Goldblatt, 371 Ill. 570, 574.

■ It is our conclusion that the complaint was sufficient to present a case for equitable consideration, and the exercise of the chancellor's discretion.

There remains the question whether the injunction writ as issued, was too broad in scope and thereby causes unnecessary hardship to defendant. It may be too broad, or the hardships may be more imaginary

464

than real, but we find nothing before us to indicate that this question was submitted to the chancellor. The courts of review have frequently iterated their reluctance to consider points which could have been, but were not, presented in the trial court.

As was stated in Ar-Tik Systems, Inc. v. Lark Sales Co., 12 Ill.App.2d 304, 334, previously cited, the issuance of a temporary injunction improvidently, without notice and without bond may be reversed without considering the merits of the case. But when notice is given, so that defendant may be represented by counsel on the hearing, and a bond is required, a large discretion is vested in the chancellor. The Ar-Tik case involved more extensive hearings than in this case, but the principle remains the same.

It is true that courts of review sometimes dissolve or order modification of injunctions on appeal, but this is usually in cases where the chancellor has made some error of law, 28 Am. Jur., Injunctions, Sec. 328. No such error has been shown in this case. The chancellor was confronted by apparent extensive frauds which he undertook to stop. If the order caused hardships which defendant did not foresee, and which were more severe than necessary to protect the plaintiff, there were several remedies available. He could move for dissolution or modification, or press for an early hearing on the merits.

Instead of following these simple remedies, defendant chose the much slower and more expensive course of an appeal. In spite of the fact that the case involves a fiduciary relationship between the parties, with charges of fraudulent acts therein, the main contentions of defendant here are, that the injunction was wholly improper, and that plaintiff's only proper remedy was to sue at law for completed damages resulting from the fraudulent acts. Since these contentions are not sustained, and the scope of the order is questioned

465

for the first time on appeal, based on alleged results which were not called to the attention of the chancellor, his discretion will not be interfered with. A refusal to modify is an appealable order which would present a different question. This order is affirmed.

Order affirmed.

CULBERTSON, P. J. and BARDENS, J., concur.